UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

JUSTIN MURPHY, GREGG LIVERMAN and
JEFFREY BUSH,

                                       Plaintiff,

- against -

CITY OF NEW YORK, NYPD OFFICER SHAWN
NIGRO, Shield No. 20998, NYPD SERGEANT
DIANA PICHARDO, Shield No. 2816, and NYPD
JOHN/JANE DOE OFFICERS 1-12, individually,

                                       Defendants.

------------------------------------------------------- x

**ANSWER TO COMPLAINT BY DEFENDANTS CITY, NIGRO AND PICHARDO**

16 CV 519 (MKB)(PK)

JURY TRIAL DEMANDED

Defendants City, Nigro and Pichardo by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully alleges, upon information and belief, as follows:

### AS TO "NATURE OF THE ACTION"

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

### AS TO "JURISDICTION AND VENUE"

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke jurisdiction of this Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except

admit that plaintiff purports to base venue as stated therein.

## AS TO "JURY DEMAND"

5. Paragraph "5" is a demand for a trial by jury to which no response is required.

## AS TO "PARTIES"

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that The City of New York is a municipal corporation duly organized and existing under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Complaint except admit that The City of New York maintains the New York City Police Department (the "NYPD") consistent with all applicable laws and rules. The Court is respectfully referred to the New York City Charter and Administrative Code for a complete recitation of the relationship between The City of New York and NYPD.

9. Deny the allegations set forth in paragraph "9" of the Complaint except admit that defendants Nigro and Pichardo were employed by NYPD.

10. Deny the allegations set forth in paragraph "10" of the Complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law no response is required.

11. Deny the allegations set forth in paragraph "11" of the Complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law no response is

required.

## AS TO "STATEMENT OF FACTS"

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit officers responded after a "911" call was made regarding the apartment in question.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit plaintiffs were arrested.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law no response is required.

43. Deny the allegations set forth in paragraph "43" of the Complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law no response is required.

44. Deny the allegations set forth in paragraph "44" of the Complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law no response is required.

45. Deny the allegations set forth in paragraph "45" of the Complaint to the extent it sets forth averments of fact; to the extent it sets forth conclusions of law no response is required.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

## AS TO "FIRST CLAIM"

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46," as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

## AS TO "SECOND CLAIM"

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "50," as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

## AS TO "THIRD CLAIM"

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54," as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

**AS TO "FOURTH CLAIM"**

60. In response to the allegations set forth in paragraph "60" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "59," as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

**AS TO "FIFTH CLAIM"**

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62," as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

**AS TO "SIXTH CLAIM"**

68. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62," as if fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

## AS TO "SEVENTH CLAIM"

73. In response to the allegations set forth in paragraph "73" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "72," as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

79. Plaintiff's prayer for relief and its subparts are not an averment of fact to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

80. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

81. Any injury alleged to have been sustained resulted from Plaintiff's own

culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

82. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

83. Defendants Nigro and Pichardo have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

84. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

85. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred, in whole or in part, by her own contributory and

comparative negligence and by assumption of risk.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

89. There was probable cause for Plaintiff's arrest, detention and subsequent prosecution.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff provoked any incident.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

91. There was probable cause for the search of plaintiff's person.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff failed to mitigate damages.

WHEREFORE, defendants City, Nigro and Pichardo demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED: New York, New York
April 22, 2015

> ZACHARY W. CARTER
> Corporation Counsel of the City of New York
> *Attorney for Defendants Vitale, Woods and C041*
> 100 Church Street, Room 3-220
> New York, New York 10007
> (212) 356-2368
> jofriedm@law.nyc.gov
>
> By: /s/
> _____
> Joshua Friedman
> *Assistant Corporation Counsel*
> *Special Federal Litigation Division*

**Cc: (by ECF)**
Ryan Lozar, Esq.
*Attorney for Plaintiff*

16 CV 519 (MKB)(PK)

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUSTIN MURPHY, GREGG LIVERMAN and JEFFREY BUSH,

            Plaintiff,

- against –

CITY OF NEW YORK, NYPD OFFICER SHAWN NIGRO, Shield No. 20998, NYPD SERGEANT DIANA PICHARDO, Shield No. 2816, and NYPD JOHN/JANE DOE OFFICERS 1-12, individually

            Defendants.

---

**ANSWER TO COMPLAINT BY DEFENDANTS CITY NIGRO AND PICHARDO**

---

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-220*
*New York, New York 10007*

*Of Counsel: Joshua Friedman*
*Tel: (212) 356-2368*