

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **L**AW **D**EPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | JOSHUA M. FRIEDMAN<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2368<br>fax: (212) 356-3509<br>email: jofriedm@law.nyc.gov |

July 27, 2017

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Justin Murphy, et al. v. City of New York, et al.</u>, 16 CV 519 (MKB)(PK)
Related Case: <u>Bruce v. City of New York, et al.</u>, 16 CV 5671 (MKB)(PK)

Dear Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write in in response to plaintiffs' motion to unseal certain non-party co-arrestees records presently sealed by NYCPL § 160.50. Defense counsel in related case <u>Bruce v. City of New York, et al.</u>, 16-cv-5671(MKB)(PK) joins this response. Upon information and belief, the non-party records sealed by N.Y.C.P.L. § 160.50 cannot be unsealed without an unsealing release or Court Order. For the reasons set forth below, to the extent plaintiffs can demonstrate they complied with the Court's Orders on December 7, 2016 and January 11, 2016 ordering plaintiffs to obtain the releases on their own, defendants take no position regarding the motion to unseal and can prepare a proposed Unsealing Order that addresses any non-party privacy concerns.

      By way of background, plaintiffs were arrested when 5 neighbors called 911 reporting gunshots inside the apartment where plaintiffs were located. Also inside the apartment were 8 non-parties who were all longtime friends of the plaintiffs. The officers recovered inside that apartment one loaded firearm, 70 bags of heroin and a quantity of marijuana. The officers also recovered in a bag another loaded firearm and 19 bags of marijuana from outside directly underneath the living room window of the apartment where plaintiffs were located.

*Plaintiffs' Motion to Unseal*

By way of background, on December 7, 2016, the Court ruled that "if plaintiffs want discovery about co-arrestees, plaintiffs' counsel will need to obtain from those co-arrestees CPL § 160.50 releases authorizing disclosure of their sealed records for the purposes of this action, and to provide such releases to Defendants' counsel." (Docket Minute Entry for December 7, 2016 Conference) On January 11, 2017, the Court again stated that plaintiffs' counsels "may obtain releases under CPL § 160.50 releases from such individuals if necessary." (Docket Minute Entry for January 11, 2017 Conference). On July 20, 2017, Mr. Lozar filed a letter stating that he attempted to obtain the releases from non-parties Kyana Jones, Jason Ponder and James Sease, through "their last known address" and "through Ponder's and Sease's attorney." (Docket Entry No. 42) However, his letter fails to specifically state what efforts he took to obtain the releases and what transpired between his correspondence with Ponder and Sease's attorney and if after such contact with their attorneys, the non-parties did not wish to authorize the unsealing of their records. Mr. Lozar's letter also failed to indicate whether he contacted Jones's attorney and whether he attempted to obtain updated addresses from the non-parties. Significantly, Mr. Lozar's letter also fails to state whether his clients have contacted the non-parties to obtain their authorization as they are longtime friends of the plaintiffs. Regarding co-arrestees Brian M. and Reggie D., plaintiffs' letter is completely devoid of his attempts to comply with Court Order to obtain these records. Finally, to the extent any of these non-parties were convicted and available to the public, the Court, on December 7, 2016, already ordered plaintiffs' counsel to obtain by subpoena or otherwise.

As for plaintiffs' arguments as set forth to the Court in their July 20, 2017 for the first time, plaintiffs' reliance on Young v. City of New York, No. 10 Civ. 1701 (RMB)(THK) 2010 U.S. Dist LEXIS 107208 (October 7, 2010 S.D.N.Y) is misplaced and distinguishable from the issues in this case. In Young, the narrow issue before the Court was whether plaintiff was entitled to complete CCRB and IAB files, not merely summary conclusions, involving allegations of misconduct. Id. at **2. Here, plaintiffs seek an Unsealing Order which would unseal a broader range of documents including, among other things, files maintained by the Kings County District Attorney's Office, King's County Criminal Court and NYPD arrest documents.

Plaintiffs are also incorrect in stating that the records are already unsealed on the grounds that the non-parties may have executed an unsealing release in their own unrelated lawsuits. Plaintiffs are essentially arguing that when a plaintiff unseals their arrest records for the specific purpose of litigating their own lawsuit, they now have also unsealed those records for any unrelated lawsuit of others at any point in time. This argument raises a number of public policy concerns and is against the public interest.

Notwithstanding plaintiffs' incorrect reliance on Young and arguments that go against public policy, defendants state that, to the extent plaintiff can show compliance with the Court's Orders, and the Court is inclined to issue a court Order unsealing the records, defendants are prepared to prepare a proposed Unsealing Order that addresses any privacy concerns of these non-parties.

*Status of Discovery*

As to production of the voluminous disciplinary records, defendants note that at the Initial Conference held on June 7, 2016, plaintiffs' counsel, Ryan Lozar, Esq. agreed to inspect the records at defendants' office. The parties have not yet conferred regarding scheduling this inspection. By July 28, 2017, defendants will produce 2,367 pages of files (5 IAB files and 3 CCRB files) regarding the officers' disciplinary history for similar incidents or incidents that go to her veracity. As to the other files, defendants respectfully request additional time to prepare the voluminous records for inspection. The parties will then confer regarding a date to conduct the inspection.

As to the NYCHA records, as I informed Your Honor in my letter dated December 9, 2016, the records are equally available to plaintiff and can be obtained by a simple foil request and/or executing a NYCHA release. (Docket Entry No. 33). On April 20, 2017, plaintiffs provided a NYCHA release for plaintiff Bush and on May 8, 2017, plaintiffs provided a NYCHA release for plaintiff Murphy. Defendants have processed the releases provided by plaintiffs' counsel and NYCHA advised that no records exist for plaintiff Bush. Defendants have not yet received a response from NYCHA regarding plaintiff Bush's records. Defendants further note that plaintiffs' letter is completely devoid of their efforts to obtain their own records, which again, are equally available to them. To the extent plaintiffs seek to compel these records at the July 31, 2017 settlement conference, defendants respectfully request the Court deny plaintiffs' motion.

As to the Parole records, defendants note that plaintiff Bruce has not provided defendants with a parole records release to date. Moreover, the undersigned informed plaintiffs' counsel for Bush and Murphy that I do not believe I ever received parole records releases from them. Yesterday, plaintiffs' counsel advised that while he believes he provided parole records releases for New York, he believes he provided incorrect parole records releases and that he intended to provide parole releases for Pennsylvania, where plaintiffs Bush and Murphy were paroled. Defendants are unable to obtain the applicable parole records without a correct release. To the extent plaintiffs seek to compel these records at the July 31, 2017 settlement conference, defendants again respectfully request the Court deny plaintiffs' application. Defendants' further note that the parole records are equally available to plaintiffs and plaintiffs' letter is completely devoid of their attempts to obtain their own records.

Defendants thank the Court for its time and consideration of the herein matters.

Respectfully submitted,

/s/

Joshua M. Friedman
*Assistant Corporation Counsel*

3

cc: **<u>BY ECF</u>**
Brachah Goykadosh, Esq.
Ryan Lozar, Esq.
David Rankin, Esq.